## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY, LEXINGTON DIVISION

| | | |
|---|---|---|
| NICKIE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-619 |
| | ) | |
| MONTGOMERY COUNTY, ET AL. | ) | HON. DANNY REEVES |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT CRAYCRAFT'S MOTION TO DISMISS

NOW COMES Plaintiff, NICKIE MILLER, by his attorneys LOEVY &
LOEVY, and respectfully files this Response to Defendant Craycraft's Motion
to Dismiss. In response, Plaintiff states as follows:

### INTRODUCTION

This case stems from the wrongful prosecution of Nickie Miller and his
subsequent imprisonment for nearly two years of his life for a crime he did
not commit.  Mr. Miller alleges that he was framed for this crime by officers
from the Montgomery County Sheriff's Department, the Montgomery County
Jail, and the Montgomery County Commonwealth Attorneys' Office in
violation of his rights under the U.S. Constitution and Kentucky law.  In the
absence of this misconduct, Plaintiff would not have been prosecuted.

Plaintiff has sufficiently alleged that the Defendants violated his constitutional rights as well as his rights under state law.  Because of this, all Defendants – with the exception of Mr. Craycraft – answered Plaintiff's Complaint without filing a motion to dismiss.  Regardless, Defendant Craycraft's motion to dismiss largely ignores the allegations in Plaintiff's Complaint, ignores binding Sixth Circuit precedent, and misconstrues the law as it applies to the claims before this Court.  For the reasons discussed below, Defendant Craycraft's motion to dismiss should be denied.

## FACTS

In 271 paragraphs, the Complaint alleges in detail how Defendant Craycraft's misconduct violated Plaintiff's constitutional and state law rights and caused his wrongful prosecution.  Dckt. No. 1 (Complaint).  Instead of reiterating the Complaint's extensive narrative in this brief, Plaintiff hereby incorporates his allegations here by reference.  He discusses the Complaint in detail below as necessary to respond to Defendants' particular arguments.

## LEGAL STANDARD

To state a claim upon which relief can be granted, Plaintiff's complaint need only contain "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The "pleading standard Rule 8 announces does not require 'detailed factual allegations,'" only "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). Thus, as Rule 8 provides, "the complaint need not set out the facts in detail," *Williams v. Duke Energy Int'l, Inc.*, 681 F,3d 788, 799 (6th Cir. 2012), and a complaint may only be dismissed "if it is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings." *Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435 (6th Cir. 2013) (quoting *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005)).

In reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir.2008).

## ARGUMENT

Defendant Craycraft's motion to dismiss contends the following: (1) that Plaintiff's claims are untimely under Kentucky law; (2) that Defendant Craycraft is protected through the doctrine of absolute immunity for participating in the destruction of exculpatory physical evidence; and (3) that Plaintiff's Complaint fails to properly assert a due process claim, For the following reasons, Defendant Craycraft's motion must be denied.

### I.   PLAINTIFF'S CLAIM AGAINST DEFENDANT CRAYCRAFT AS ALLEGED IN COUNT III IS TIMELY.

Defendant Craycraft first argues that Plaintiff's due process claim against him for the destruction of exculpatory physical evidence is time-

3

barred.  *See* Craycraft MTD at Dckt. No. 17-1, p.4.  In Defendant Craycraft's view, Plaintiff's due process claim for the destruction of evidence began to accrue at the time of the destruction, and thus, Plaintiff's claim is made outside the one-year statement of limitations. *Id.* Defendant Craycraft, however, conveniently ignores when the underlying criminal charges which form the basis of Plaintiff's Complaint were dismissed.  He likewise forgets that Plaintiff was barred from filing suit for the violation of his due process rights, under *Heck v. Humphrey*, 512 U.S. 477, 489-490, 114 S.Ct. 2364, 2374, (1994) ,until the criminal case was resolved.  As such, Defendant Craycraft's arguments must be denied.

In the past two years, the Sixth Circuit has repeatedly held that due process claims – like the ones brought by Plaintiff here - do not accrue until the resolution of the underlying criminal case.  As the Sixth Circuit held in *King v. Harwood*, "In short, under *Heck*, a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings." *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017). Although Defendant Craycraft's participation in destroying exculpatory physical evidence occurred here in 2017, Plaintiff's criminal case was not dismissed until many months later, on November 21, 2017.  *See* Dckt. No. 1 at ¶ 204.   Thus, according to *Heck* and *King,* accrual did not begin until the dismissal of charges on November 21, 2017.  *Id.* Since Plaintiff's Complaint,

filed on November 20, 2018, is within the one-year statute of limitations, Defendant Craycraft's statute of limitations argument must be denied.

With the precedent set in *King*, this Court's inquiry could end here. However, additional binding decisions further prove that Defendant Craycraft's statute of limitations argument is without merit.

On August 28, 2017, the Sixth Circuit Court of Appeals decided *Mills v. Barnard*, 869 F.3d 473 (2017). In *Mills*, the Sixth Circuit held that the statute of limitations for due process claims – the fabrication of evidence - do "not begin to run until the grant of the prosecution's *nolle prosequi* motion…" *Id*. at 484. There, the plaintiff was wrongfully convicted and filed his civil lawsuit after serving eleven years of incarceration. *Id*. at 478. After filing suit, the defendants moved to dismiss the due process claims under the theory that they accrued at the time of the alleged misconduct. *Id*. at 479. In reversing the trial court's granting of the motions to dismiss, the Sixth Circuit determined that such claims accrue at the time that the criminal proceedings were terminated – not when the underlying evidence was fabricated or withheld. *Id*. at 484. As such, Plaintiff's claim here against Defendant Craycraft clearly does not accrue at the time such evidence was destroyed, but rather, at the time charges were dismissed.

Following binding Sixth Circuit precedent in *King* and *Mills*, two sister courts in this district have also recently rejected identical arguments to the one made by Defendant Craycraft. *Hoskins v. Knox Cty., Kentucky*, No. 17-

5

CV-84-DLB-HAI, 2018 WL 1352163, at *15 (E.D. Ky. Mar. 15, 2018);

*Anderson v. Knox Cty.,* No. 6:17-CV-133-KKC, 2018 WL 4658831, at *6 (E.D.

Ky. Sept. 27, 2018). (This Court can and should find guidance in the

persuasive authority issued by sister courts in this District. *Id. See Dyer v.*

*United States,* 96 F.Supp.2nd 725, 730 (E.D. Tenn May 19, 2000) (Courts

have found guidance in the persuasive authority of other district court

opinions); *Lastique Intern. Corp. v. Baker,* WL 3620333, fn. 2 (W.D.Ky. Sept.

13, 2010) (district court opinions from another district are persuasive

authority); *Beco Dairy Automation, Inc, v. Global Tech Systems, Inc.,* 2015

WL 9583012, fn 1 (E.D. Cal. Dec. 31, 2015) (district court opinions provide

persuasive authority)).

After engaging in a lengthy review of *Heck v. Humphrey*, *Wallace v.*

*Kato*, and the analogous common-law torts at issue in *Hoskins v. Knox*

*County, et al.*, a sister-court in this district determined that due process

claims accrue at the conclusion of the underlying criminal proceedings, not

when the actual misconduct took place. *Hoskins v. Knox Cty., Kentucky*, No.

17-CV-84-DLB-HAI, 2018 WL 1352163, at *15 (E.D. Ky. Mar. 15, 2018).  In

doing so, Judge Bunning held:

> Given the value and purposes of the constitutional right at issue—the
> right to be free from unlawful pretrial detention based on the
> fabrication of evidence—the Court finds that the common-law tort of
> malicious prosecution bears the closest resemblance to Plaintiffs'
> fabrication-of-evidence claim. Thus, that claim accrued—and the
> statute of limitations began to run—when the criminal proceedings
> terminated in Plaintiffs' favor—on June 30, 2016 and August 22, 2016.
> Accordingly, Plaintiffs' fabrication-of-evidence claim, which was

6

brought within one year of the termination of the underlying criminal proceedings, is not time-barred and the KSP Defendants' Motions to Dismiss (Doc. # 36 and 39) are **denied** with respect to Count Two.[15]

*Id.*

The opinion in *Hoskins* supports Plaintiff's argument in this action that his due process claim for the destruction of evidence accrues at the termination of his criminal proceedings and not at the time the evidence was destroyed.

In another wrongful prosecution lawsuit, *Anderson v. Knox County, et al.*, a number of defendants argued that the statute of limitations began to accrue at the time evidence was withheld or fabricated.  In rejecting these arguments, Chief Judge Karen Caldwell adopted the analysis set forth by Judge Bunning and held that:

> Following and adopting the reasoning of its own precedent, however, the Court determines that a Fourth Amendment fabrication of evidence claim accrues at the date of the termination of proceedings in a defendant's favor. *Hoskins v. Knox County, Ky.*, 2018 WL 1352163, *15 (E.D. Ky. Mar. 15, 2018); *cf. Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017) (applying Tenn. Code Ann. § 28-3-104(a) and holding that "the statute of limitations did not begin to run until the grant of the prosecution's *nolle prosequi* motion [ ] which terminated the criminal proceeding").
>
> *Hoskins* reasoned that a fabrication of evidence claim is analogous to a malicious prosecution claim, and that the same accrual rules should apply to both. Although a fabrication of evidence claim does not require proof of favorable termination, both malicious prosecution and fabrication of evidence "seek recompense for the same injury— unlawful post-legal process pretrial detention—and permit recovery of the same damages." *Hoskins*, 2018 WL 1352163, at *15. The theories are "two sides of the same coin," "two theories of liability for unlawful pretrial detention under the Fourth Amendment." *Id.* The Court adopts this reasoning in full. Accordingly, as Anderson was acquitted

on May 25, 2016, and he filed this suit on May 22,
2017, Anderson's Fourth Amendment fabrication of evidence claim is
timely, just as his malicious prosecution claim.

*Anderson v. Knox Cty.,* No. 6:17-CV-133-KKC, 2018 WL 4658831, at *6 (E.D.
Ky. Sept. 27, 2018).

As discussed above, following Sixth Circuit precedent, other courts in

this District have resoundingly rejected analogous arguments to those made

here.  This Court should do the same.

## II. DEFENDANT CRAYCRAFT DOES NOT ENJOY ABSOLUTE IMMUNITY FOR PARTICIPATING IN THE DESTRUCTION OF EXCULPATORY PHYSICAL EVIDENCE

Next, Defendant Craycraft argues that the doctrine of absolute

immunity protects him from suit. *See* Craycraft MTD at Dckt. No. 17-1, pp. 4-

6. According to Defendant Craycraft, because he was employed by the

Montgomery County Commonwealth Attorneys' Office at the time he

unlawfully participated in destroying exculpatory evidence, he is immune

from liability[1]. *Id.* at 6.  Defendant Craycraft's argument fails in at least

three different ways.  First, as courts in the Third, Ninth, and Tenth Circuits

hold, absolute immunity does not attach for destroying exculpatory evidence.

*Yarris v. Cty. of Delaware*, 465 F.3d 129, 136–37 (3d Cir. 2006); *see also*

*Wilkinson v. Ellis*, 484 F. Supp. 1072, 1083 (E.D. Pa. 1980); *Carbajal v.*

---

[1] In support, Defendant Craycraft cites a single Seventh Circuit case from the 1970s that offers little in the way of analysis apart from a citation to *Imbler v. Pachtman*, 424 U.S. 409 (1976). *Id.* at p. 5. Defendant Craycraft misconstrues the Seventh Circuit holding in *Hiedelberg* to argue that "a prosecutor is absolutely immune from allegations that he destroyed evidence." *Id.* Yet, it is unclear whether *Heidelberg v. Hammer*, 577 F.2d 429, 432 (7th Cir. 1978) addresses the destruction of evidence at all, or rather, the use of a "falsified lineup report and police tapes of incoming calls" at trial. If the latter, it is clearly distinguishable from Plaintiff's case.

*Seventh Judicial Dist.*, No. 10-cv-02862, 2011 WL 5006992, at *2 (D. Colo. Oct. 19, 2011); *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 646 (N.D. Cal. 2007). Next, in similar circumstances courts have repeatedly declined to grant prosecutors absolute immunity where prosecutors have violated a court order. *Odd v. Malone*, 538 F.3d 202 (3rd Cir. 2008). Finally, taking all allegations in Plaintiff's Complaint as true, it's clear that Defendant Craycraft was acting in an investigatory capacity during his participation in destroying evidence. In such instances, a prosecutor is not absolutely immune for acts that "go beyond the strictly prosecutorial to include investigation." *Fields v. Wharrie* ("*Fields II* "), 740 F.3d 1107, 1111 (7th Cir.2014) (citing *Buckley,* 509 U.S. at 275–76, 113 S.Ct. 2606). For the reasons discussed further below, Defendant Craycraft must not be cloaked with absolute immunity for the egregious misconduct that occurred here.

Importantly, the Sixth Circuit has never held that a prosecutor is entitled to absolute immunity for the destruction of exculpatory evidence. In fact, the Sixth Circuit declined to reach this conclusion in *Hatchett v. City of Detroit*, 495 F. App'x 567, 571 (6th Cir. 2012), holding that "we do not express any opinion as to whether a prosecutor's absolute immunity would extend to his destruction of exculpatory evidence." And though this Circuit has not directly addressed the issue, other circuits have resoundingly rejected the arguments made by Defendant Craycraft. This Court should adopt the sound reasoning discussed in the cases noted below.

The law is settled that a prosecutor only enjoys absolute immunity insofar as he is "act[ing] within the scope of his prosecutorial duties." *Imbler v. Pachtman,* 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The inquiry requires a "functional approach." *Rehberg v. Paulk,* 566 U.S. 356, 363, 132 S.Ct. 1497, 1503, 182 L.Ed.2d 593 (2012). That is, we "look[ ] to the nature of the function performed." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (quotation marks omitted). But absolute prosecutorial immunity is not restricted to what goes on in the courtroom: "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Imbler,* 424 U.S. at 431 n. 33, 96 S.Ct. 984. More particularly, the immunity encompasses quintessentially prosecutorial functions like "an out-of-court 'effort to control the presentation of [a] witness' testimony,' " *Buckley,* 509 U.S. at 272–73, 113 S.Ct. 2606(quoting *Imbler,* 424 U.S. at 430 n. 32, 96 S.Ct. 984), and "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial," *Id.* at 273, 113 S.Ct. 2606. These include "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or *before a grand jury after a decision to seek indictment has been made.*" *Id.* (emphasis added).

At the other end of the spectrum, a prosecutor is not absolutely immune for acts that "go beyond the strictly prosecutorial to include

investigation." *Fields v. Wharrie* ("*Fields II* "), 740 F.3d 1107, 1111 (7th Cir.2014) (citing *Buckley,* 509 U.S. at 275–76, 113 S.Ct. 2606).  In this way, a prosecutor acting in an investigative capacity may claim only the same qualified immunity that protects police officers and other law-enforcement investigators. *Id.*

Although the Supreme Court has made clear that "[m]ost public officials are entitled only to qualified immunity," it has recognized that "public officials who perform 'special functions' such as prosecutors are sometimes entitled to absolute immunity." *Butz v. Economou*, 438 U.S. 478, 508 (1978). Absolute immunity, however, is "strong medicine, justified only when the danger of [officials' being deflected from the effective performance of their duties] is very great." *Forrester v. White*, 484 U.S. 219, 230 (1988) (alterations in original) (citation and internal quotation marks omitted). Moreover, officials who "seek exemption from personal liability" based on absolute immunity "bear the burden of showing that such an exemption is justified by overriding considerations of public policy." *Id.* at 224.  Defendant Craycraft has failed to do so in this case.

Defendant Craycraft's request that this Court take a functional approach to the analysis proves fatal to his defense.  As other Circuits have determined, destroying exculpatory evidence can never be a prosecutorial function.  In holding that prosecutors are not entitled to absolute immunity for the destruction of exculpatory evidence, the Third Circuit found that:

"destroying exculpatory evidence is not related to a prosecutor's prosecutorial function. Unlike decisions on whether to withhold evidence from the defense, decisions to destroy evidence are not related to a prosecutor's prosecutorial function." *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136–37 (3d Cir. 2006); *See also Wilkinson v. Ellis*, 484 F. Supp. 1072, 1083 (E.D. Pa. 1980) ("[O]nce the decision is made not to furnish evidence to the defense, no additional protectable prosecutorial discretion is involved in deciding to dispose of it, and . . . while deciding not to furnish the prosecutions' evidence to the defense may be an act of advocacy, throwing the evidence away is not such an act"); *Carbajal v. Seventh Judicial Dist.*, No. 10-cv-02862, 2011 WL 5006992, at *2 (D. Colo. Oct. 19, 2011) (refusing to apply absolute immunity to claim that prosecutors destroyed evidence); *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 646 (N.D. Cal. 2007) ("In addition, a prosecutor's destruction of exculpatory evidence is not related to the prosecutorial function because, 'while deciding not to furnish the prosecution's evidence to the defense may be an act of advocacy, throwing the evidence away is not.'") (quoting *Yarris*, 456 F.3d at 136-37).

Here, Plaintiff's Complaint sufficiently alleges that Defendant Craycraft "learned about the court order for exculpatory evidence" and was "made aware that the correspondence maintained by Ms. Martin was exculpatory in nature." Dkt. 1 at ¶159-162, 171. After gaining this knowledge, Defendant Craycraft "participated in the tampering and

12

destruction of exculpatory physical evidence…despite a court order and being aware that Mr. Miller had requested that any correspondence…be maintained."   *Id.* at ¶172.   At the time he facilitated and participated in the destruction of exculpatory evidence, Defendant Craycraft "was well aware that he was removing the most critical and probative evidence remaining in the case." *Id.* at ¶173.   Finally, records establish that several phone calls were made from Mr. Craycraft's "personal cellphone" to facilitate the destruction of the exculpatory evidence. *Id.* at ¶181-183.   Defendant Craycraft's communication on his personal cellphone with a defendant in a criminal case, without the presence of defense counsel, is further indication that he was acting outside his function as a prosecutor, and instead, his role was simply that of an investigator[2].   Defendant Craycraft's actions outlined above "go beyond the strictly prosecutorial to include investigation," and thus, are not protected by absolute immunity.   *Fields v. Wharrie* ("*Fields II* "), 740 F.3d 1107, 1111 (7th Cir.2014) (citing *Buckley,* 509 U.S. at 275–76, 113 S.Ct. 2606).

Additionally, in similar circumstances courts have repeatedly declined to grant prosecutors absolute immunity where prosecutors have violated a court order. *Odd v. Malone*, 538 F.3d 202 (3rd Cir. 2008), is instructive. In

---

[2] Further, a functional approach establishes that Defendant Craycraft was acting in an investigatory capacity and engaging in conduct that was clearly "not related to a prosecutor's prosecutorial function."   In situations like this, *Yarris* holds that absolute immunity does not apply.

*Odd*, the Third Circuit held that the prosecutor was not entitled to absolute immunity for (a) failing to notify a judge that the prosecutor had issued a bench warrant for a material witness' arrest despite court orders requiring notification, and (b) for failing to notify relevant authorities that a second material witness remained incarcerated despite the dismissal of the prosecution. *Id.* at 212-16. In refusing the prosecutor's assertion of absolute immunity, *Odd* explained: "We can imagine few circumstances under which we would consider the act of disobeying a court order or directive to be advocative, and we are loathe to grant a prosecutor absolute immunity for such disobedience." *Id.* at 214; *see also Reitz v. County of Bucks*, 125 F.3d 139, 141 (3rd Cir. 1997) (no absolute immunity for prosecutor who violated court order by failing to return a defendant's property).

Here, Plaintiff's Complaint sufficiently alleges that Defendant Craycraft was aware of the *ex parte* court order requiring the exculpatory evidence to be retained by Plaintiff's counsel.  Dckt. 1. at ¶172.  Despite the court order, Defendant Craycraft actively took steps to have the physical exculpatory evidence destroyed. *Id*. Under *Odd*, Defendant Craycraft's destruction of exculpatory evidence in violation of a court order is not "advocative," and he should not be afforded "absolute immunity for such disobedience."  *Odd*, 538 F.3d at 214.

Finally, Plaintiff's Complaint sufficiently alleges that "at the time Defendant Craycraft committed this misconduct, he was aware that no

credible evidence existed that implicated Mr. Miller in the Brewer homicide,
yet, he facilitated the destruction of the exculpatory evidence to ensure the
prosecution would continue moving forward." *See* Dckt. No. 1 at ¶177.  As
the Supreme Court held in *Buckley*, because Defendant Craycraft knew
probable cause did not exist at the time he committed this misconduct, he
could not have been acting in a prosecutorial function.  *Id.* at ¶175.  "A
prosecutor neither is, nor should consider himself to be, an advocate before he
has probable cause..." *Buckley v. Fitzsimmons*, 509 U.S. 259, 274, 113 S. Ct.
2606, 2616, 125 L. Ed. 2d 209 (1993) Further, as *Zahrey v. Coffey*, 221 F.3d
342, 355-56 (2d Cir. 2000) explains "[a]lthough a prosecutor is protected by
absolute immunity for his actions in presenting evidence *at trial, see Imbler*,
424 U.S. at 431, these cases serve to inform every prosecutor that his
[destruction of evidence] is unconstitutional." *Coffey*, 221 F.3d at 355-56
(emphasis added). Stated differently, "[a]ny prosecutor aware of these cases
would understand that [destroying] evidence in his investigative role violates
the standards of due process and that a resulting loss of liberty is a denial of
a constitutional right." *Id.*  Since Plaintiff's Complaint sufficiently alleges
Defendant Craycraft's actions, as described above, "go beyond the
strictly prosecutorial to include investigation," his actions are not protected
by absolute immunity. *Fields v. Wharrie* ("*Fields II* "), 740 F.3d 1107, 1111
(7th Cir.2014) (citing *Buckley,* 509 U.S. at 275–76, 113 S.Ct. 2606).  For the

reasons discussed above, Defendant Craycraft's absolute immunity argument must be rejected.

### III.   PLAINTIFF'S DUE PROCESS CLAIM AS ALLEGED IN COUNT III OF THE COMPLAINT IS PROPERLY PLED

Defendant Craycraft next argues that "the Fourth Amendment contains no protections for a criminal defendant from the destruction of exculpatory evidence" and that "the Plaintiff fails to allege facts to invoke a Fourth Amendment claim."[3][4]  *See* MTD, Dckt. 17-1, p. 7. Defendant Craycraft's argument fails for several reasons.

First, Defendant Craycraft vaguely argues that the Fourth Amendment does not entitle Plaintiff relief for the destruction of exculpatory evidence.  *See* MTD, Dckt. 17-1, at p. 7.  The argument by Defendant Craycraft is completely devoid of citation and undeveloped.  Under binding Sixth Circuit law, Plaintiff need not even respond to such a conclusory argument, as it is waived.  *Gen. Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 441 (6th Cir. 2002)(holding that such a

---

[3] Although Plaintiff discusses how Count III is properly pled under the Fourth Amendment, he respectfully requests that this Court construe his claim to be brought under both the Fourth *and* Fourteenth Amendments, as the Sixth Circuit allows. *Yakubek v. Rex*, 963 F.2d 374 (6th Cir. 1992)(holding that "The Federal Rules of Civil Procedure have rejected code pleading…[l]egal theories of recovery need not be spelled out as long as the relevant issues are sufficiently implicated by the pleadings."); *see also  Bartholet v. Reishauer A.G. Zurich,* 953 F.2d 1073, 1078 (7th Cir. 1992)(holding that "the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal).  To the extent required, Plaintiff formally seeks leave to amend the Complaint to bring Count III under the Fourth *and* Fourteenth Amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[4] Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R.Civ.P. 15(a)(2).

conclusory argument is waived on appeal); *United States v. Elder*, 90 F.3d at 1118 (6th Cir. 1996); *see also Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal."); *Farley v. Berryhill*, No. 6:16-CV-00225-JMH, 2017 WL 4837595, at *4 (E.D. Ky. Oct. 24, 2017); *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir.1991) (holding that "perfunctory and undeveloped arguments ... are waived [on appeal]").

Addressing the merits, Defendant Craycraft's argument has been rejected repeatedly by the United States Supreme Court, the Sixth Circuit and sister-courts in this District.

In *California v. Trombetta*, the Supreme Court held that the destruction of exculpatory evidence violates due process when the "exculpatory value…was apparent before the evidence was destroyed, and…[is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489, 104 S. Ct. 2528, 2534 (1984). The Supreme Court has never held that a conviction or trial must occur for a Trombe

Adopting Supreme Court precedent, the Sixth Circuit has reiterated that a due process violation exists for the destruction of exculpatory evidence. *United States v. Wright*, 260 F.3d 568, 570–71 (6th Cir. 2001)(stating, in the context of a claim against a fire investigator, that "[t]he destruction of material exculpatory evidence violates due process regardless of whether the

government acted in bad faith"); *see also Moldwalon v. City of Warren*, 578 F.3d 351, 385-86 (6th Cir. 2009)(holding that the loss of "materially exculpatory" evidence directly threatens the fundamental fairness of a criminal trial, and thus undoubtedly implicates the Due Process Clause… regardless of whether the defendant is asserting a failure-to-preserve or a failure-to-disclose claim, and regardless of whether the claim is being asserted against the prosecutor or the police."); *see also United States v. Branch,* 537 F.3d 582, 589 (6th Cir.2008) (stating, in the context of a claim against a police officer, that "[t]he failure to preserve material exculpatory evidence violates the defendant's right to due process regardless of whether the government acted in bad faith").

Defendant Craycraft next argues that Plaintiff that the Fourth Amendment does not entitle Plaintiff relief for the destruction of exculpatory evidence prior to trial.  This argument, too, has been rejected repeatedly by the Sixth Circuit and sister-courts in this District.  Contrary to Defendant Craycraft's representation, the Sixth Circuit has determined that a conviction is not an element of a due process violation claim. *Webb v. United States*, 789 F.3d 647, 668-670 (6th Cir. 2015).  Indeed, a Fourth Amendment due process claim exists where a defendant's fabrication of evidence causes a seizure. *Spurlock v. Satterfield,* 167 F.3d 995, 1006 (6th Cir.1999); *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014); *Webb* 789 F.3d at 667.  The Seventh Circuit likewise holds that a fabrication of evidence claim exists

18

regardless of whether a conviction is obtained. *Julian v. Hanna*, 732 F.3d 842, 846-47 (7th Cir. 2013) (fabrication affects liberty interests both before and after conviction); *Serino v. Hensley*, 735 F.3d 588, 594 (7th Cir. 2013) (being detained on fabricated evidence states a due process claim). Thus, if Plaintiffs in the Sixth Circuit are entitled to a due process claim for the fabrication of evidence that deprives them of their liberty, the same must certainly be true for the destruction of exculpatory evidence that results in the same harm.

For example, in *Webb*, the plaintiff was arrested and later indicted for participating in a drug trafficking scheme. 789 F.3d at 647, 652 (6th Cir. 2015). A witness against the plaintiff eventually revealed that the investigating officer "conspired with him to frame innocent individuals – including [plaintiff]…" *Id*. A subsequent investigation concluded that the plaintiff did not participate in the crimes for which he was charged and that the investigating officers "knowingly" made "false reports and testimony." *Id*. Shortly thereafter, all charges were dismissed, and the plaintiff filed a lawsuit that included a claim for fabrication of evidence. *Id*. at 653, 657. On appeal, the Sixth Circuit reversed the district court's granting of summary judgment on plaintiff's fabrication claims. *Id*. at 668-670. In doing so, the Court reiterated that "a person's constitutional rights are violated when evidence is knowingly fabricated and a reasonable likelihood exists that the false evidence would have affected the decision of the jury." *Webb*, 789 F.3d at

667 (*citing to Gregory v. City of Louisville*, 444 F.3d at 737 (6th Cir. 2006).

Put simply, by providing Plaintiff with a trial on his fabrication claims, the

Sixth Circuit acknowledged that such claims exist for individuals whose due

process rights were violated, regardless of whether a conviction was obtained.

Here, Plaintiff's Complaint sufficiently demonstrates how the destruction of

the exculpatory evidence "would have affected the decision of the jury."  Thus,

Defendant Craycraft's argument must fail.

Defendant Craycraft also errantly argues that the Fourth Amendment

is not the appropriate vehicle for Plaintiff's claim.  Following binding Sixth

Circuit precedent, sister-courts in this District have also determined that due

process claims – like the fabrication of evidence – resulting in pre-trial

deprivation of liberty are properly brought under the Fourth Amendment, not

the Fourteenth.

> In *Anderson v. Knox County, et al.*, Chief Judge Caldwell held that:
>
> Anderson's complaint states that the defendants knowingly, jointly
> and as individuals, fabricated false evidence, including police reports,
> statements, and testimony offered both to the grand jury and for other
> pretrial proceedings. (DE 1 at 27 ¶ 173). Anderson further alleges that
> this information affected the decisions of the grand jury and courts
> that considered the false evidence without knowledge of its falsity,
> resulting in the deprivation of Anderson's liberty for a period of nearly
> five (5) years prior to his acquittal at trial. *Id.* at 27 ¶ 174–28 ¶ 176.
> These factual allegations are sufficient to ensure the survival
> of Anderson's Fourth Amendment fabrication of evidence claim for
> purposes of the pending Fed. R. Civ. P. 12(b)(6) motions. *Mills*, 869
> F.3d at 485.

*Anderson v. Knox Cty.*, No. 6:17-CV-133-KKC, 2018 WL 4658831, at *6 (E.D.
Ky. Sept. 27, 2018)

In *Hoskins v. Knox County, et al.,* Judge Bunning, too, held that due process violations – like the one alleged here – are properly brought under the Fourth Amendment so long as it caused a pretrial deprivation of liberty. *Hoskins v. Knox Cty.,* No. 17-CV-84-DLB-HAI, 2018 WL 1352163, at *5–6 (E.D. Ky. Mar. 15, 2018).  There, the court found:

> It stands to reason that a fabrication-of-evidence allegation would be treated the same way—that is, despite the shared factual premise, a plaintiff could pursue a fabrication-of-evidence claim under both the Fourth and Fourteenth Amendments, if the plaintiff alleged "*both* that his detention was unlawfully continued ... and that his right to a fair trial was abridged," such that the "situs of the injury" is "distinct." The Plaintiffs, however, have not alleged that their right to a fair trial was abridged. Nor could they, as there was no trial. Therefore, Plaintiffs' fabrication-of-evidence claim has only one constitutional foundation: the Fourth Amendment.

*Id.*

As such, Plaintiff's claim against Defendant Craycraft for participating in the destruction of exculpatory evidence resulting in the deprivation of Plaintiff's liberty for approximately five months is properly brought under the Fourth Amendment.

Defendant Craycraft next seeks to redraft Plaintiff's Complaint – and binding Sixth Circuit precedent - to his benefit.  *See* MTD, Dckt. 17-1, at 7.  It is well established that, in reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir.2008).  Ignoring this, Defendant Craycraft posits that Plaintiff's Complaint should be construed to

allege that the physical evidence was not within Defendant's control, and thus, Defendant Craycraft had no duty to preserve it. MTD, Dckt. 17-1, p. 7. The Defendant's contention fails.

First, Plaintiff's Complaint sufficiently alleges that Defendant Craycraft "participated in the tampering and destruction of exculpatory physical evidence" by conspiring with another individual to have such evidence destroyed. *See* Dckt. No. 1 at ¶172. Because Plaintiff sufficiently alleged that Defendant Craycraft participated in the destruction of physical evidence, whether he physically had control of such evidence is a complete misnomer – and certainly outside the contours of Plaintiff's Complaint.

In any event, Plaintiff's Complaint likewise demonstrates how Defendant Craycraft did have control over the destruction of evidence, and Ms. Martin for that matter. *Id*. at ¶153-190. Plaintiff's Complaint sufficiently sets forth how the evidence was destroyed and how Defendant Craycraft "participated in the tampering and destruction of exculpatory physical evidence" by engaging in egregious misconduct." *Id*. Drawing all reasonable inferences in Plaintiff's favor, dismissal is entirely inappropriate as a complaint may only be dismissed "if it is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings." *Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435 (6th Cir. 2013) (quoting *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005)). The

22

allegations contained in Plaintiff's Complaint clearly exceed the requirements delineated above.

Finally, Defendant Craycraft argues that "Plaintiff fails to allege how the destruction of this exculpatory evidence deprived him of his due process." *See* MTD, Dckt. No. 17-1, at p. 7.  However, a closer inspection of the Complaint reveals how Defendant Craycraft's misconduct violated Plaintiff's constitutional rights and resulted in his deprivation of liberty.  *See* Dckt. No. 1 at ¶¶170-177, 188-190.  There, Plaintiff alleges that:

> "[d]ue to Defendant Craycraft's participation in the destruction of physical exculpatory evidence, Plaintiff continued to suffer in the Montgomery County Regional Jail. Beginning on June 16, 2017 and lasting each and every day until the dismissal of charges on November 21, 2017, Plaintiff suffered the agony of facing a potential sentence of death for a crime he did not commit.  In this way, Defendant Craycraft's scheme to destroy exculpatory evidence caused Plaintiff to suffer continued criminal prosecution and incarceration for an additional five months of his life.

*Id*. at ¶188-190.

Further, at the time that the evidence was destroyed, "Defendant Craycraft was aware that probable cause did not exist for the pending charges against Mr. Miller."  *Id*. at ¶175.  Thus, the record demonstrates that Defendant Craycraft's participation in the destruction of exculpatory evidence was the basis for Plaintiff's wrongful and continued incarceration for an additional five months of his life.  Without this misconduct, there would have been no basis for Plaintiff's continued arrest and incarceration.

As a result, Defendant Craycraft's attempt to dismiss Plaintiff's due process claim must be denied.

## CONCLUSION

Plaintiff has sufficiently alleged that the Defendant Craycraft violated his constitutional rights.  Defendant Craycraft's motion to dismiss largely ignore the allegations in the Complaint, sidesteps binding precedent, and cites inapplicable law. As such, and for the reasons discussed above, Defendant Craycraft's motion to dismiss should be denied.

RESPECTFULLY SUBMITTED,

/s/ Elliot Slosar
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax: (312) 243-5902

## <u>CERTIFICATE OF SERVICE</u>

I, Elliot Slosar, an attorney, hereby certify that on January 17, 2019, I filed the foregoing motion via the Court's CM/ECF System and thereby served a copy on all counsel of record.

/s/ Elliot Slosar